
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | |
|---|---|
| THOMAS J. HIGLEY, | 3:06-cv-00412-ECR-RAM |
| Plaintiff, | |
| vs. | **Order** |
| RICK'S FLOOR COVERING, INC., | |
| Defendant. | |

This case involves claims of discrimination in the workplace. Plaintiff Thomas Higley ("Plaintiff") has sued his former employer, Defendant Rick's Floor Covering ("Defendant"), for alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*. Currently before the Court is Defendant's Motion for Summary Judgment ("MSJ") (#38), filed January 11, 2008. Plaintiff filed an Opposition (#41) on February 12, 2008, to which Defendant replied (#42) on February 26, 2008.

The motion is ripe, and we now rule on it.

## I. Background

### A. Procedural Background

After receiving a right-to-sue letter from the Equal Employment Opportunity Commission, Plaintiff filed his original Complaint (#1) on July 24, 2006, claiming that he was entitled to relief under the

Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq* ("ADEA"). In that complaint, Plaintiff announced his intention to amend the complaint to include a disability discrimination claim under the ADA. Plaintiff did in fact file a First Amended Complaint (#3) on November 27, 2006, containing claims under both the ADEA and the ADA. On February 11, 2007, Plaintiff filed a voluntary notice of dismissal (#16) of the amended complaint's ADEA claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). Thus, only Plaintiff's claims under the ADA remain at issue in the case.

**B.  Factual Background**

In its broadest outlines, the circumstances of this case are uncomplicated. Plaintiff worked for Defendant as a carpet installer. (Amended Compl. 2 (#3).) Although deposition testimony indicates that Plaintiff had also previously worked for Defendant, the period of employment relevant to this case began on July 19, 2004, to September 20, 2005. (Id.) Plaintiff alleges that he suffered physical pain[1] amounting to a disability within the meaning of the ADA throughout this latest period of employment. (Id.)

According to Plaintiff, Defendant failed to reasonably accommodate his alleged disability: Plaintiff avers that Defendant failed to provide sufficient assistance with heavy lifting and other tasks that were difficult for Plaintiff because of his physical condition. (Id.) Indeed, Plaintiff claims that Defendant instead assigned Plaintiff to the most physically demanding jobs and

---

[1]The amended complaint refers only to a "back condition" (Amended Compl. 2 (#3)), although Plaintiff also refers to knee injuries in deposition testimony (MSJ (#38) Ex. A 6:14-15, 64:14-15) and in his Opposition (#41).

2

1  intentionally withheld assistance in an attempt to "force him to
2  quit." (Amended Compl. 2 (#3).) On September 20, 2005, Plaintiff
3  resigned his position, an action that Plaintiff describes as a
4  "constructive discharge." (Id. 2).

5  Defendant, on the other hand, broadly rejects Plaintiff's
6  claims. Defendant argues that Plaintiff was not in fact disabled
7  within the meaning of the ADA. (MSJ 12 (#38).) Defendant also
8  argues that Plaintiff was not qualified to perform the essential
9  functions of the job. (Id. at 14.) Furthermore, Defendant argues
10 that Plaintiff never suffered an adverse employment action because
11 of any disability.[2] (Id. at 15.)

## II. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. N.W. Motorcycle Ass'n v. United States Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Judgment as a matter of law

---

[2] The MSJ also includes discussion of a possible statute of limitations bar. (MSJ 18 (#38).) This discussion, however, does not relate to the ADA claims at issue in this lawsuit. Instead, it responds to a remark made by Plaintiff during his deposition about a possible separate tort claim. No such claim is before this Court. Thus, despite the intensity of feeling the subject appears to have raised in counsel for Defendant, this section of the MSJ is wholly extraneous.

is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. Fed. R. Civ. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 116 S.Ct. 1261 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form - namely, depositions, admissions, interrogatory answers, and affidavits - only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c); Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248. Summary Judgement is not proper if material factual issues exist for trial.

B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). "As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered. Id. Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole. Id.

### III. Discussion

The ADA makes it unlawful for an employer to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To survive a motion for summary judgment on an ADA claim, a plaintiff must show the following: (1) he is a disabled person within the meaning of the statute; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job he holds or seeks; and (3) he suffered an adverse employment action because of his disability. Braunling v. Countrywide Home Loans, Inc., 220 F.3d 1154 (9th Cir. 2000).

//

### A. Disability

The ADA provides that an employee is disabled if his physical or mental impairment substantially limits one or more of his major life activities. 42 U.S.C. § 12102(2)(A). Thus, a plaintiff must satisfy three elements in a disability analysis: (1) he must have a physical or mental impairment; (2) the impairment must limit one or more of his major life activities; and (3) the limitation must be substantial. See Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 194-95 (2002).

Plaintiff's evidence of disability for all three of the elements of the analysis is minimal. Plaintiff does attach to his Opposition records demonstrating that Plaintiff and his insurance company paid for a number of visits to his chiropractor during the relevant period. (P's Opp. (#41), Ex. F. 1-5.) However, these records demonstrate nothing about Plaintiff's medical condition at the time of those visits. A chiropractor's evaluation advising Plaintiff not to return to carpet laying work dated July 11, 2006 (id. at 6), demonstrates nothing about Plaintiff's condition during the period of his employment by Defendant. All of the medical evaluations that Defendant submitted also date from 2006 and thus suffer at least in part from the same evidentiary deficiency. (Id., Ex. E.)

The only other evidence that demonstrates Plaintiff suffered from a disability during the relevant period consists of Plaintiff's own assertions to that effect, made both in deposition (see MSJ (#38) Ex. A ) and to his doctors during his 2006 visits (P's Opp. (#41) Ex. E.). Even this evidence, however, provides little

6

1  indication as to when, precisely, Plaintiff became substantially
2  limited with respect to major life activities.  Plaintiff states
3  that his physical limitations began to have an impact on his life in
4  "about 2000."  (MSJ (#38) Ex. A 76:16.)  But it appears that the
5  difficulties were progressive, with the worst limitations he
6  describes dating to the period after his back surgeries, which is
7  also after the period relevant to the present motion.  (Id. at 76:6-
8  7.)
9       Moreover, during the period of his employment, Plaintiff's back
10 would "go out," but the chiropractor could get him "out of pain and
11 back to being [himself]."  (Id. at 23:19.)  Pain medication also
12 mitigated Planitiff's pain and discomfort.  (Id. at 77:15-21.)
13 Thus, given the apparent effectiveness of these ameliorative
14 measures (at least during the relevant time period), the evidence
15 before the Court, even when viewed in the light most favorable to
16 Plaintiff, does not show more than that Plaintiff was impaired.  It
17 does not show that the impairment substantially limited a major life
18 activity, as that phrase has been defined by the Supreme Court of
19 the United States.  See Sutton v. United Air Lines, Inc., 527 U.S.
20 471, 481-82 (1999)(holding that if a person's impairment is
21 corrected by mitigating measures, the impairment does not
22 substantially limit a major life activity).
23      We therefore conclude that Plaintiff has not met his prima
24 facie burden of showing that he suffered a disability within the
25 meaning of the ADA.  In light of this conclusion, we need not reach
26 the question of whether Plaintiff could establish the other required
27 elements of an ADA disability discrimination claim.
28

## IV. Conclusion

Plaintiff has failed to make the prima facie showing of disability required under the ADA. We therefore find that there is no triable issue of material fact with respect to Plaintiff's claim under the ADA, and Defendant is entitled to summary judgment as a matter of law.

**IT IS THEREFORE HEREBY ORDERED THAT** the Defendant's Motion for Summary Judgment (#38) is **GRANTED.**

The Clerk shall enter judgment accordingly.

DATED: September __3__, 2008.

_____
UNITED STATES DISTRICT JUDGE